8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto DIAZ-VALDEZ, Defendant-Appellant.
 No. 92-30403.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 2, 1993.
Decided Oct. 4, 1993.
 
 1
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Diaz-Valdez appeals his sentence, arguing the district court improperly applied a three level enhancement under U.S.S.G. § 3A1.2(b) for assaulting a law enforcement officer "in a manner creating a substantial risk of serious bodily injury." We affirm.
 
 
 4
 The essence of appellant's argument on appeal is that the three level enhancement under U.S.S.G. § 3A1.2(b) cannot be sustained because the district court failed to find that appellant had the intent required for "aggravated assault" as defined in application note one of the commentary to § 2A2.2. ("intent to do bodily harm (i.e. not merely to frighten)").
 
 
 5
 Appellant did not raise the issue of his intent in the district court. His defense was that no assault occurred at all. He testified he did not threaten the officer with his gun; he pulled his gun from his waistband only after he had been shot while attempting to flee and was lying on the ground; and he drew his gun then only in an attempt to throw it away.
 
 
 6
 The officer testified appellant pointed his gun at the officer's face from within the car at a distance of three feet, cursing him and ordering him not to move. When the officer ducked away, the appellant then got out of his car and started toward the officer raising his weapon in the officer's direction as he did so, and the officer shot him. The district court credited the officer. We have no doubt the facts thus established were sufficient to prove an assault "in a manner creating a substantial risk of serious bodily harm" to the officer as required by § 3A1.2(b).
 
 
 7
 The court first listed the requirements of § 3A1.2(b) for a three level adjustment ("when during the course of events the defendant, knowing that a person was a law enforcement officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury"). The court then said: "I find all of the aspects of that have been proved by a preponderance of the evidence." Assuming appellant's argument in this court regarding the intent requirement under § 3A1.2(b) is correct, more specific findings regarding intent were not required when the issue was not raised in the district court and more specific findings were not requested. AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3